**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT L. BRADLEY, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 08-1135 (RBW) |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDTRONIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

In accordance with the Court's August 5, 2008 Order, Plaintiffs Robert L. Bradley, Jr.,
Audrey Hogan, Lloyd Hurd, Chelsey D. McIvor, Sherry L. Meadows, James D. Piro, and Albert
E. Schultz (collectively "Plaintiffs"), and Defendant Medtronic, Inc. ("Medtronic"), respectfully
submit this Joint Status Report.

1.      On February 21, 2008 the Judicial Panel on Multidistrict Litigation ("JPML")
issued a Transfer Order in MDL 1905, entitled *In re Medtronic, Inc., Sprint Fidelis Leads
Products Liability Litigation* ("MDL 1905"). The Transfer Order transfers all "related actions"
to the Honorable Richard H. Kyle of the United States District Court for the District of
Minnesota for consolidated or coordinated treatment. A copy of the Transfer Order is attached
hereto as Exhibit A.

2.      The instant action was removed to this Court on June 30, 2008. The next day, on
July 1, 2008, Medtronic filed a Schedule of Tag-Along Actions with the JPML, identifying this
action as an action "related" to MDL 1905. A copy of Medtronic's Schedule of Tag-Along
Actions is attached hereto as Exhibit B.

3.      On July 18, 2008, the JPML issued a Conditional Transfer Order ("CTO-13"), transferring this action to Judge Kyle of the District of Minnesota.   A copy of CTO-13 is attached hereto as Exhibit C.  CTO-13 provided that it would become effective upon its filing in the Office of the Clerk of the U.S. District Court for the District of Minnesota, but stayed transmittal to the Clerk of the District of Minnesota for 15 days, to permit the filing of any Notice of Opposition by August 4, 2008.

4.      Plaintiffs do not oppose transfer of this action to the District of Minnesota for consolidated or coordinated treatment in connection with MDL No. 1905, and did not file any Notice of Opposition.

5.      Counsel for Medtronic has been advised by the Clerk of the JPML that CTO-13 was in fact transmitted to the Clerk of the U.S. District Court for the District of Minnesota on August 5, 2008, thereby effecting the transfer of this action to Judge Kyle.

6.      On June 4, 2008, Judge Kyle entered Order No. 4 in MDL 1905, which was amended by Omnibus Management Order No. 7, dated July 7, 2008.  Copies of Judge Kyle's Order No. 4 and Order No. 7 are attached hereto, respectively, as Exhibits D and E.  Judge Kyle's Order No. 7 provides a schedule for the filing of master pleadings in the MDL, and for briefing and hearing of a dispositive motion to dismiss on preemption grounds.  See Order No. 7, ¶¶ 17 & 26.  In addition, paragraph 16 of Judge Kyle's Order No. 7 specifically provides that "[d]eadlines for answers or responses to the Complaints filed in all individual actions are hereby suspended until further Order of this Court," and paragraph 25 of Order No. 7 provides that "[u]ntil further Order of this Court, all discovery is stayed."

7.      In accordance with Judge Kyle's Order No. 7, Medtronic filed its motion to dismiss in MDL No. 1905 on August 4, 2008.

DATED:  August 8, 2008                    Respectfully submitted.


                                            s/David M. Gossett
                                          Michael E. Lackey, Jr.
                                          David M. Gossett
                                          Mayer Brown LLP
                                          1909 K Street, Northwest
                                          Washington, D.C. 20006-1101
                                          mlackey@mayerbrown.com
                                          dgossett@mayerbrown.com
                                          (202) 263-3000 (t)
                                          (202) 263-3300 (f)

                                          *Attorneys for Defendant*
                                          *Medtronic, Inc.*

                                            s/Steven J. Lewis
                                          Aaron M. Levine
                                          Brandon J. Levine
                                          Renee L. Robinson-Meyer
                                          Steven J. Lewis
                                          Benjamin J. Cooper
                                          1320 19th Street, N.W., Suite 500
                                          Washington, D.C. 20036
                                          Fax: (202) 833-8046

                                          *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, David M. Gossett, an attorney, certify that I caused a copy of the preceding Joint Status Report to be served on counsel for plaintiffs by uploading it to the ECF System on August 7, 2008.

s/David M. Gossett
David M. Gossett

# EXHIBIT A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 21, 2008**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MEDTRONIC, INC., SPRINT FIDELIS
LEADS PRODUCTS LIABILITY LITIGATION

MDL No. 1905

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in four actions have separately moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation. No party opposes centralization. The parties variously urge the selection of the following districts to serve as the transferee forum: the Northern District of California, the Southern District of Florida, the District of Kansas, the District of Minnesota, the Western District of Missouri, the Eastern District of New York, the Northern District of Ohio, or the Southern District of West Virginia.

This litigation currently consists of 27 actions listed on Schedule A and pending in eight districts as follows: eight actions in the District of Puerto Rico, five actions each in the Southern District of Florida and the District of Minnesota, three actions in the Western District of Louisiana, two actions each in the Northern District of California and the Eastern District of Louisiana, and one action each in the District of Kansas and the Western District of Missouri.[1]

On the basis of the papers filed and hearing session held, we find that these 27 actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions concerning similar allegations relating to injuries arising from the implantation of Sprint Fidelis leads, which are small wires attached at one end to an implantable cardiac device and at the other end directly to heart tissue that allow the device to monitor and, when necessary, deliver the shocks necessary to correct various heart arrhythmias. Defendant Medtronic, Inc. (Medtronic) recalled all non-implanted Sprint Fidelis leads in October 2007. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to certification of class actions; and

---

[*] Judge Heyburn did not participate in the disposition of this matter.

[1] In addition to the 27 actions now before the Panel, the parties have notified the Panel of 60 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee forum for this litigation.  Because Medtronic has its headquarters within the District of Minnesota, relevant discovery may be found there.  Transfer to this district also provides a centrally located forum for actions filed in several locations nationwide.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota  and, with the consent of that court, assigned to the Honorable Richard H. Kyle for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

**IN RE: MEDTRONIC, INC., SPRINT FIDELIS**
**LEADS PRODUCTS LIABILITY LITIGATION**                    MDL No. 1905

## SCHEDULE A

### Northern District of California

Jeneane Baque v. Medtronic, Inc., C.A. No. 3:07-5352
Willie West, et al. v. Medtronic, Inc., et al., C.A. No. 3:07-5697

### Southern District of Florida

John North v. Medtronic, Inc., et al., C.A. No. 1:07-22764
Eugene Clasby v. Medtronic, Inc., et al., C.A. No. 1:07-22768
Mary M. Wardwell, etc. v. Medtronic, Inc., et al., C.A. No. 9:07-81034
Doug Venning v. Medtronic, Inc., et al., C.A. No. 9:07-81056
Leroy Coffee v. Medtronic, Inc., et al., C.A. No. 9:07-81094

### District of Kansas

Phillip S. Brown v. Medtronic, Inc., et al., C.A. No. 2:07-2542

### Eastern District of Louisiana

Keith Paul Trosclair v. Medtronic, Inc., et al., C.A. No. 2:07-7565
Henry J. Theriot, et al. v. Medtronic, Inc., et al., C.A. No. 2:07-8441

### Western District of Louisiana

Randall Stone v. Medtronic, Inc., et al., C.A. No. 3:07-1902
Mattie Ley Johnson Londo v. Medtronic, Inc., et al., C.A. No. 6:07-1809
Dianna Sonnier v. Medtronic, Inc., et al., C.A. No. 6:07-1889

### District of Minnesota

Kelly Luisi, et al. v. Medtronic, Inc., et al., C.A. No. 0:07-4250
Harvey Lee Conway, Jr., et al. v. Medtronic, Inc., et al., C.A. No. 0:07-4270
Linda J. White v. Medtronic, Inc., et al., C.A. No. 0:07-4412
Rodney C. Kesti v. Medtronic, Inc., et al., C.A. No. 0:07-4442
Jesse Noonan v. Medtronic, Inc., et al., C.A. No. 0:07-4528

- A2 -

**MDL No. 1905 Schedule A (Continued)**

<u>Western District of Missouri</u>

Kenneth R. Carlile v. Medtronic, Inc., et al., C.A. No. 5:07-6110

<u>District of Puerto Rico</u>

Russell Nelson, et al. v. Medtronic, Inc., et al., C.A. No. 3:07-1969
David Wood v. Medtronic, Inc., et al., C.A. No. 3:07-1971
Frederick Santitoro, et al. v. Medtronic, Inc., et al., C.A. No. 3:07-1972
Norman Black v. Medtronic, Inc., et al., C.A. No. 3:07-2014
Gilberto Colon-Perez, et al. v. Medtronic, Inc., et al., C.A. No. 3:07-2021
William E. Storms v. Medtronic, Inc., et al., C.A. No. 3:07-2049
Gerald Phaup, Jr. v. Medtronic, Inc., et al., C.A. No. 3:07-2050
Carlos Milan, et al. v. Medtronic, Inc., et al., C.A. No. 3:07-2064

# EXHIBIT B

MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel (312) 782-0600
Main Fax (312) 701-7711
www.mayerbrown.com

July 1, 2008

**William J. Asher**
Direct Tel (312) 701-7739
Direct Fax (312) 706-8246
washer@mayerbrown.com

Mr. Jeffery N. Lüthi
Clerk, Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

Re:    <u>In re Medtronic, Inc., Sprint Fidelis Leads
       Products Liability Litigation (MDL No. 1905)</u>

Dear Mr. Lüthi:

Enclosed please find the Schedule of Tag-Along Actions setting forth tag-along actions that are
related to the above captioned case.  Please forward the Schedule to the Panel as notice of tag-
along actions.  One courtesy copy of each complaint and the docket sheet for the cases listed in
the Schedule of Tag-Along Actions is provided.

Thank you very much for your assistance with this matter.

Sincerely,

William J. Asher
Paralegal

Enclosures

## Schedule Of Tag -Along Actions

### In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation (MDL No. 1905)

### United States District Court District of Columbia

*Robert L. Bradley, Jr., Audrey Hogan, Lloyd Hurd, Chelsey D. McIvor, Sherry Lynn Meadows, James D. Piro and Albert E. Shultz v. Medtronic, Inc.*, Case Number 1:08-CV-01135, filed on 6/6/2008. (Judge Reggie B. Walton)

### United States District Court Eastern District of New York

*Peter D. Hotis, as Administrator of the Estate of Peter Hotis and Edith E. Hotis v. Medtronic, Inc.*, Case Number 2:08-CV-02565, filed on 6/12/2008. (Judge Thomas C. Platt)

# EXHIBIT C

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**RECEIVED**
JUL 2 1 2008

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

July 18, 2008

TO INVOLVED COUNSEL

Re:  MDL No. 1905 -- IN RE: Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation

(See Attached CTO-13)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** __August 4, 2008__    (12 noon EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By) *Tanisha Spinner*
Tanisha Spinner
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 8 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MEDTRONIC, INC., SPRINT FIDELIS
LEADS PRODUCTS LIABILITY LITIGATION**                    MDL No. 1905

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-13)**

On February 21, 2008, the Panel transferred 22 civil actions to the United States District Court for the District of Minnesota for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 536 F.Supp.2d 1375 (J.P.M.L. 2008). Since that time, 105 additional actions have been transferred to the District of Minnesota. With the consent of that court, all such actions have been assigned to the Honorable Richard H. Kyle.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Minnesota and assigned to Judge Kyle.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Minnesota for the reasons stated in the order of February 21, 2008, and, with the consent of that court, assigned to the Honorable Richard H. Kyle.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Minnesota. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: MEDTRONIC, INC., SPRINT FIDELIS**
**LEADS PRODUCTS LIABILITY LITIGATION**                    MDL No. 1905

### SCHEDULE CTO-13 - TAG-ALONG ACTIONS

| <u>DIST</u>. <u>DIV</u>. <u>C.A. #</u> | <u>CASE CAPTION</u> |
|---|---|
| CALIFORNIA CENTRAL | |
| CAC 2 08-3833 | Marsha Johnson v. Medtronic, Inc. |
| DISTRICT OF COLUMBIA | |
| DC   1  08-1135 | Robert L. Bradley, Jr., et al. v. Medtronic, Inc. |
| IDAHO | |
| ID    1   08-274 | Edwin G. March v. Medtronic, Inc., et al. |
| NORTHERN DISTRICT OF ILLINOIS | |
| ILN   1  08-3785 | Noticia C. Hicks v. Medtronic Co. CRD Legal Department |
| ILN   1  08-3850 | Noticia C. Hicks v. Medtronic Co. CRD Legal Department |
| ILLINOIS SOUTHERN | |
| ILS   3  08-460 | Donald E. Shewmake v. Medtronic, Inc., et al. |
| MASSACHUSETTS | |
| MA   1  08-11139 | Rene Pepin v. Medtronic, Inc. |
| MISSISSIPPI SOUTHERN | |
| MSS  3  08-411 | David Green v. Medtronic, Inc. |
| DISTRICT OF NORTH DAKOTA | |
| ND   4  08-67 | Myrtle Holter, etc. v. Medtronic, Inc., et al. |
| NEW YORK EASTERN | |
| NYE  2  08-2565 | Peter D. Hotis, et al. v. Medtronic, Inc. |
| PUERTO RICO | |
| PR    3  08-1683 | Jose Luis Matos-Perez v. Medtronic, Inc., et al. |
| TEXAS EASTERN | |
| TXE  6  08-280 | Bradley Woodrow Watson, et al. v. Medtronic, Inc. |
| TEXAS SOUTHERN | |
| TXS  4  08-1925 | Ola M. Ogea, etc. v. Medtronic, Inc., et al. |
| TXS  4  08-2020 | Betty Carter, etc. v. Medtronic, Inc., et al. |

RULE 7.4:   CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:   MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

IN RE: MEDTRONIC, INC., SPRINT FIDELIS
LEADS PRODUCTS LIABILITY LITIGATION

MDL No. 1905

## INVOLVED COUNSEL LIST (CTO-13)

Joseph G. Abromovitz
JOSEPH G ABROMOVITZ PC
858 Washington Street
3rd Floor
Debham, MA 02026

Carl David Adams
LAW OFFICES OF CARL DAVID ADAMS PC
6060 North Central Expressway
Suite 690
Dallas, TX 75206

David Willis Alexander
WILLIAMS KHERKHER HART BOUNDAS LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017

Dan H. Ball
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

Stacy Tjon Bossart
SOLBERG STEWART MILLER & TJON
P.O. Box 1897
Fargo, ND 58107-1897

Angela Y. Cockerham
DOWDY & COCKERHAM
P.O. Box 30
Magnolia, MS 39652

Catherine L. Doyle
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

Hector Gonzalez
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820

David M. Gossett
MAYER BROWN LLP
1909 K. Street, NW
Washington, DC 20006-1152

Noticia C. Hicks
216 Marquette Street
Park Forest, IL 60466

Aaron M. Levine
AARON M LEVINE & ASSOCIATES PA
1320 19th Street, NW
Suite 500
Washington, DC 20036

Christopher R. LoPalo
NAPOLI BERN RIPKA & ASSOCIATES LLP
350 Fifth Avenue
Suite 7413
New York, NY 10118

Patrick E. Mahoney
MAHONEY LAW OFFICE PLLC
420 West Main Street
Suite 206
Boise, ID 83702

Joshua J. Metcalf
FORMAN PERRY WATKINS KRUTZ
  & TARDY PLLC
P.O. Box 22608
Jackson, MS 39225-2608

**MDL No. 1905 – Involved Counsel List (CTO-13) (Continued)**

John F. Nevares
JOHN F NEVARES & ASSOCIATES PSC
VIG Building, Suite 1504
1225 Ponce de Leon Avenue
P.O. Box 13667
San Juan, PR 00908-3667

Ginger F.H. Pigott
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514

Craig D. Rackohn
RACKOHN & RACKOHN
1783 Shawness Court
Westlake Villag, CA 91362

Jennifer Marie Reinhardt
STOEL RIVES LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702

Robert D. Rowland
GOLDENBERG HELLER ANTOGNOLI
ROWLAND ET AL
2227 South State, Route 157
P.O. Box 959
Edwardsville, IL 62025

Robert K. Shelquist
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

George W. Soule
BOWMAN & BROOKE LLP
150 South Fifth Street
Suite 3000
Minneapolis, MN 55402

Joseph William Tomaselli, Jr.
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201-2784

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:
MEDTRONIC, INC.,
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES
TO ALL CASES

Multidistrict Litigation
No. 08-1905 (RHK/JSM)


ORDER NO. 4

 

The Judicial Panel on Multidistrict Litigation has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving Medtronic's Sprint Fidelis defibrillator leads.  Pursuant to this Court's jurisdiction over these actions, this Court hereby enters the following order:

      1.    <u>Consolidation of Related Actions</u>.  Any other actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pretrial purposes, pursuant to Fed. R. Civ. P. 42 and MDL Order dated February 21, 2008 under 28 U.S.C. § 1407(a).  This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

      2.    <u>Caption of Case</u>.  All Orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:                                          Multidistrict Litigation
MEDTRONIC, INC.,                                No. 08-1905 (RHK/JSM)
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
["ALL ACTIONS" or specify by title and case number the individual
applicable cases if the document relates to less
than all of the consolidated cases.]

        The original of this Order shall be filed by the Clerk and a copy thereof shall be

filed in each subsequently filed or transferred action, which is related to and

consolidated with this action.  The Clerk of Court shall maintain docket and case files

under this caption, and pursuant to the procedures set forth in paragraph 3, below.

        3.      Docket and Filing Procedures.

        A.      Master Docket and File.  The Clerk shall maintain a master docket and a

                master case file under the style set forth in paragraph 2, above.   All

                Orders, pleadings, motions and other documents shall, when filed and

                docketed in the master case file, be deemed filed and docketed in each

                individual case to the extent applicable.  The master docket is set up with

                the following parties:  Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel,

                and Defendants' Liaison Counsel.   These parties shall appear in the

                docket report.  The plaintiffs and defendants from the other cases shall be

                added as MDL - Notice Only party types, but shall not appear on the

                docket report.  *See* Attachment A (the procedural instructions and the

                MDL attorney registration form to obtain CM/ECF login and password).

B.  <u>Separate Dockets and Files</u>.  The Clerk shall maintain a separate docket for each case removed or transferred to this Court.  Each such case shall be assigned a new case number in this Court.

C.  <u>Captions and Separate Filing</u>.  Orders, pleadings, and other documents shall bear the caption set forth in paragraph 2 above.  If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file.  Orders, pleadings, and other documents intended to apply only to particular cases shall indicate in their caption the case number of the case(s) to which they apply and shall be filed and docketed in the master case file and specified individual case file(s).

D.  <u>Address, Number of Copies, and Electronic Filing</u>.  When filing pleadings and other documents relating to "ALL ACTIONS" with the Court, the parties shall comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the master file or, if electronic filing is not possible, a signed original shall be sent or delivered to the Clerk of Court, U.S. District Court, District of Minnesota, 316 North Robert Street, St. Paul, Minnesota 55101 for filing in the master file.  When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the master file and the particular case, or, if electronic filing is not possible, one signed original shall be sent for the master file and an additional copy for each particular case file to which the matter related.  For all dispositive motions, send two courtesy copies of the submissions to the Chambers of Judge

3

Richard H. Kyle, U.S. District Court, Room 764, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at kyle_chambers@mnd.uscourts.gov. For all nondispositive motions, send two courtesy copies of the submissions to the Chambers of Magistrate Judge Janie S. Mayeron, U.S. District Court, Room 610, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at mayeron_chambers@mnd.uscourts.gov. [1]

E.    <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses shall not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F.    <u>Rules of Civil Procedure</u>. All actions listed in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well as any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, including Local Rules 72.1 ("Magistrate Judge Duties") and 72.2 ("Review of Magistrate Judge Rulings").

4.    <u>Consolidation of Additional Actions</u>. Any action subsequently filed or transferred to this Court that arises out of the acts or transactions alleged in the

---

[1]    Prior to September 9, 2008, any pleading or document hand-delivered to the Court, (<u>e.g.</u>, by messenger, Federal Express, UPS), including courtesy copies of pleadings or documents for the Judges, shall be delivered to the Clerk's office located in the temporary District Court at Suite 700, 180 East Fifth Street, St. Paul, Minnesota 55101.

4

Consolidated Action shall be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5.    Applicability of Order.  This Order applies automatically to all actions listed in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well as any other actions subsequently transferred to or filed in this proceeding, without the necessity of future motions or orders.  Should parties in any subsequently transferred or filed actions object to the terms of this Order, they must do so within 30 days of receipt of this Order from Plaintiffs' Liaison Counsel.

6.    Service List.  This Order is being mailed to liaison counsel previously appointed by this Court for the parties and referenced in paragraphs 10.D and 11 below. Pursuant to paragraphs 10.D and 11, liaison counsel for each side shall forward a copy of this Order to all other attorneys for their respective side.  Currently, this Court is operating with the service list attached to Order No. 1 as Attachment B.  [Docket No.12]. An updated and corrected service list shall be prepared as the litigation progresses. Liaison counsel for the parties shall be responsible for conferring with the Clerk of Court to ensure that a master service list is established and kept current and which shall include all parties and counsel that join this action.  Counsel are also directed to send email addresses to the Court for notification purposes and service.

7.    List of Affiliated Companies and Counsel.   To assist the Court in identifying any issues or matters of recusal or disqualification, and to the extent that counsel did not comply with this directive in connection with Order No. 1 dated April 23, 2008 [Docket No. 12], counsel shall submit to the Court, no later than 15 days from the date of this Order, a list of all companies affiliated with the parties and all counsel associated in the litigation.

8.      <u>List of Related Cases</u>.  Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall confer among themselves and jointly file with the Court, no later than 30 days from the date of this Order, a list of all related cases pending in state and federal court and their current status, to the extent known.

9.      <u>Admission of Counsel</u>.    Attorneys admitted to practice and in good standing in any United States District Court are admitted as MDL attorneys in this litigation.  Association of local co-counsel is not required.  All counsel are expected to familiarize themselves with the Local Rules of this Court[2], the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation.

10.     <u>Organization and Responsibilities of Plaintiffs' Counsel</u>.  As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], to act on behalf of plaintiffs, the Court has designated the following counsel:

A.      <u>Plaintiffs' Lead Counsel</u>

> Daniel E. Gustafson, Esq.
> Gustafson Gluek PLLC
> 725 Northstar East
> 608 Second Avenue South
> Minneapolis, MN 55402
> (612) 333-8844

---

[2]      http://www.mnd.uscourts.gov/local_rules/local_rules.pdf

B.    <u>Responsibilities of the Plaintiffs' Lead Counsel</u>.   Plaintiffs' Lead Counsel shall be a member of and direct the work of the Plaintiffs' Steering Committee.  In this regard, Plaintiffs' Lead Counsel shall be responsible for coordinating the activities of plaintiffs during pretrial proceedings and in consultation and with the assistance of Plaintiff's Steering Committee, shall:

    i.    Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    ii.    Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

    iii.    Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    iv.    Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

    v.    Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

    vi.    Prepare and distribute to the parties periodic status reports;

vii.    Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

viii.    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.    Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further Order of the Court; and

x.    Submit, if appropriate, additional committees and counsel for designation by the Court.

Any counsel for any plaintiff who disagrees with Plaintiffs' Lead Counsel (or those acting on behalf of Plaintiffs' Lead Counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Plaintiffs' Lead Counsel.

C.    <u>Plaintiffs' Steering Committee</u>.

Chair of Plaintiffs' Steering Committee
Charles S. Zimmerman, Esq.
Zimmerman Reed PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400

Richard J. Arsenault, Esq.
Neblett, Beard & Arsenault
2220 Bonaventure Court
P. O. Box 1190
Alexandria, LA 71309-1190
(800) 256-1050

C. Brooks Cutter, Esq.
Kershaw, Cutter & Ratinoff, LLP
980 Ninth Street
19th Floor
Sacramento, CA 95814
(916) 448-9800

Jim Doyle, Esq.
Williams, Kherkher, Hart & Boundas LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017
(713) 230-2200

R. Jackson Drake, Esq.
Whatley Drake & Kallas LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, AL 35202
(205) 328-9576

Nicholas J. Drakulich, Esq.
The Drakulich Firm
2727 Camino Del Rio South
Suite 322
San Diego, CA 92108
(858) 755-5887

Wendy R. Fleishman, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue
48th Floor
New York, NY 10017
(212) 355-9500

Michael K. Johnson, Esq.
Goldenberg & Johnson, PLLC
33 South Sixth Street
Suite 4530
Minneapolis, MN 55402
(612) 333-4662

Dianne M. Nast, Esq.
Roda Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

9

Tina B. Nieves, Esq.
Gancedo & Nieves LLP
418 North Fair Oaks Avenue
Suite 202
Pasadena, CA 91103
(626) 685-9800

Neil D. Overholtz, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 North Palafox Street
Pensacola, FL 32501
(850) 916-7450

Eric M. Quetglas-Jordan, Esq.
Quetglas Law Offices
P. O. Box 16606
San Juan, PR 00908
(787) 722-0635

Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive
Seventh Floor
Newport Beach, CA 92660
(949) 720-1288

Camilo K. Salas, III, Esq.
Salas & Co., L.C.
650 Poydras Street
Suite 1660
New Orleans, LA 70130
(504) 799-3080

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP
113 East 37th Street
New York, NY 10016
(212) 684-1880

Marcus L. Stevenson, Esq.
Sanford Stevenson Riff LLP
2016 Bissonnet Street
Houston, TX 77005
(800) 240-2460

Fred Thompson, III, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC 29464
(843) 216-9000

Teresa Toriseva, Esq.
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066

Leila H. Watson, Esq.
Corey, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
(205) 328-2200

The members of Plaintiffs' Steering Committee shall consult with Plaintiffs' Lead

Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

D.    Plaintiffs' Liaison Counsel

Robert K. Shelquist, Esq.
Lockridge Grindal Nauen PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900

Plaintiffs' Liaison Counsel shall:

i.     Maintain and distribute to all other plaintiffs' counsel and to

defendants' counsel an up-to-date service list;

ii.    On behalf of all counsel for all plaintiffs, receive from defendants,

the Court, and third parties, and as appropriate, distribute to all

other plaintiffs' counsel the following: written and electronic

communications from the Court, defendants and third parties;

11

pleadings; Orders from the Court; and discovery and documents from defendants and third parties.

    iii.    At the appropriate time[3], maintain and make available to all other plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party, and establish and maintain an electronically accessible document depository.

11.    <u>Defendants' Liaison Counsel</u>.  As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], the Court has designed the following counsel to act as Defendants' Liaison Counsel:

> George W. Soule, Esq.
> Jennifer K. Huelskoetter, Esq.
> Melissa R. Stull, Esq.
> Bowman & Brooke LLP
> 150 South Fifth Street
> Suite 3000
> Minneapolis, MN 55402
> (612) 339-8682

Defendants' Liaison Counsel shall

    A.    Maintain and distribute to Plaintiffs' Liaison Counsel and to defendants' co-counsel an up-to-date service list;

    B.    On behalf of all counsel for all defendants, receive from plaintiffs, the Court and third parties, and as appropriate, distribute to all other defendants' counsel the following: written and electronic communications from the Court, plaintiffs and third parties; pleadings; Orders from the Court; and discovery and documents from plaintiffs and third parties.

---

[3]    Pursuant to paragraph 25 of this Order, pending further order of this Court, discovery has been stayed.

12.    <u>Privileges Preserved</u>.    No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.    <u>Service of Documents</u>.

A.    <u>Orders</u>.    A copy of each Order shall be provided to Plaintiffs' Liaison Counsel, and to Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.   To clarify the meaning of this paragraph, service through CM/ECF only goes to those who have filed a case and are in ECF.   In cases that will be, but have not yet been transferred to this District, the new plaintiffs are not in the system.   ECF can only notice those that are in the system at the time the document was filed.   It therefore remains the responsibility of the liaison counsel for both plaintiffs and defendants to effect service of all Orders on all parties. While the Court can assist counsel with counsel's service list, at least in the beginning of this litigation, that list may contain parties and attorneys that are not yet in our system.

B.    <u>Pleadings and Other Documents</u>.    Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall be provided with one copy of each pleading and other document served and/or filed by a party, including any and all attachments, to be delivered by electronic mail.   Liaison counsel for plaintiffs and for defendants shall also be provided with one non-electronic copy of each pleading and other document served and/or filed by a party, including any and all attachments.   Pursuant to Fed. R. Civ. P. 5, service on   Plaintiffs'   Liaison   Counsel   and   Defendants'   Liaison   Counsel,

13

constitutes service on other attorneys and parties for whom liaison counsel is acting, and such service shall be deemed effective seven days after service on liaison counsel.

14.    <u>Official Court Website</u>.  The Court has created and shall maintain a website devoted solely to the Medtronic Sprint Fidelis Leads Products Liability Litigation, found at http://www.mnd.uscourts.gov.  Through the website, parties may access, as may be established, such items as Court Orders, Court Minutes, Court Calendar, Contacts, the Master Service List, Frequently Asked Questions, and Court Transcripts. Plaintiffs' Lead Counsel and counsel for defendants shall confer with the Court regarding the content of the website.

15.    <u>Transcript Payment</u>.  The official transcript of all hearings shall be posted on the Medtronic Sprint Fidelis Leads Litigation website.  The cost of an expedited official transcript shall be borne by the plaintiffs and defendants equally.  Payment is to be made within 14 days of receipt of the court reporter's invoice.

16.    <u>Pleadings</u>.  Deadlines for answers or responses to the Complaints filed in all individual actions are hereby suspended until further Order of this Court.

17.    <u>Master Pleadings, Motions, and Orders</u>.

A.    <u>Master Complaint</u>.  It shall be the responsibility of Plaintiffs' Steering Committee to file (1) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in individual cases, and (2) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in third-party payor cases.  The master complaints shall not constitute the inception of a new "case or controversy" in this District and shall not supersede or render

moot each pending separate action that had been transferred to this District for pretrial proceedings by the MDL Panel. Rather, said master complaints shall be used as a device to facilitate administration of the dockets and to assist in identifying issues common to all of the cases centralized before this Court. The allegations of the master complaints are not deemed automatically included in any particular case. However, in order to avoid possible problems with statutes of limitations or doctrines of repose, the following shall apply: For cases now pending in this Court (or as of the date a case is filed in, removed to, or transferred to this Court), it is deemed that a motion to amend is filed in each such case to add any potentially applicable claims and theories from the master complaints not contained in the complaint actually filed in that case, except to the extent a plaintiff hereinafter files an amended complaint disavowing such claims and theories or limits its claims and theories to those contained in an amended complaint.

B.    <u>Master Answers</u>.  Defendants' counsel shall file master answers that shall incorporate defendants' defenses in law or fact to claims made against them in the various actions that are presently pending in this litigation. The answers shall not attempt to provide a cross-reference to particular paragraphs or counts of the various complaints. The master answers shall, however, cross-reference to particular paragraphs or counts in plaintiffs' master complaints. The master answers shall in a "generic" manner admit or deny (including denials based on lack of information and belief) the allegations typically included in claims made against it as well

15

as make such additional allegations as are appropriate to its defenses. When so filed in MDL 08-1905, the master answers constitute an answer in each constituent case now pending or when hereafter filed in, removed to, or transferred to this Court, except to the extent the defendants later file a separate answer in an individual case.

C.    Refinement of Pleadings.  It is anticipated that an amended, more specific complaint and answer may be required before a case is scheduled for trial or remanded to a transferor court, but amendments of pleadings prior to that time should generally be avoided.

D.    Motions; Orders.  A motion, brief, or response that has a potential effect on multiple parties (e.g., the anticipated motion of defendants to dismiss based on preemption) shall be deemed made in all similar cases on behalf of, and against, all parties similarly situated except to the extent such other parties timely disavow such a position.  Additional motions, briefs, or responses addressed to such issues should not be filed or submitted by other parties except to the extent needed because of inadequacy of the original papers, to present unique facts, or because of a difference in positions.  Orders resolving such motions shall likewise be deemed as made with respect to all parties similarly situated unless the order indicates otherwise.

E.    Meet and Confer Prior to Nondispositive Motions.  To avoid unnecessary litigation concerning nondispositive motions, including motions relating to discovery disputes, counsel are directed to meet and confer before filing a

motion.  In any motion filed, counsel for the moving party must certify that a good-faith effort was made to resolve the dispute.

18.     <u>Preservation of Evidence</u>.     Currently, preservation of evidence and documents is governed by Order Nos. 1 and 2.  [Docket Nos. 12, 53].  It is the Court's intention to enter a more complete order concerning preservation of evidence and documents.  Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon preservation order on or before **4:30 p.m. on June 18, 2008**.  To the extent that the parties are unable to agree on the language of the preservation order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same.  Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**.  By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.  Unless Magistrate Judge Mayeron determines that a hearing on the contents of the preservation order is necessary, this matter shall be decided based on the written submissions of the parties.

19.     <u>Protective Order</u>.  It is the Court's intention to enter a protective order. Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon protective order on or before **4:30 p.m. on June 18, 2008**.  To the extent that the

17

parties are unable to agree on the language of the protective order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same. Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**.  By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.   Unless Magistrate Judge Mayeron determines that a hearing on the contents of the protective order is necessary, this matter shall be decided based on the written submissions of the parties.

20.    <u>Introduction for Website.</u>   It is the Court's intention to include an Introduction of this litigation on the Court Website.   Therefore, for the purpose of developing the language to be included in the Introduction, the parties are directed to confer and prepare a brief written summary indicating their joint understanding of the facts involved in the litigation and the important factual legal issues.   This agreed-upon summary shall be filed with the Court on or before **4:30 p.m. on June 18, 2008**.   In the event the parties cannot agree on this summary, they shall file with the Court a redline version of a summary containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same.   Said redlined Introduction setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**.   By this date, the parties may also supply

Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.

21.    <u>Status Conferences</u>.    The Court shall convene status conferences in its discretion.    The next two status conferences are scheduled for **July 14, 2008 at 10:00 a.m., and August 27, 2008 at 10:00 a.m.**    These two status conferences shall take place in Courtroom 1 on the 7th Floor of the temporary United States Courthouse, 180 East Fifth Street, St. Paul, Minnesota.    Thereafter, beginning in September, 2008, unless otherwise ordered by this Court, status conferences shall be held on the **fourth Wednesday of each month at 10:00 a.m.**    The location for these status conferences shall be in the Courtroom of Judge Richard H. Kyle at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with Plaintiffs' Lead Counsel, the Chair of Plaintiffs' Steering Committee and counsel for defendants one hour before each status conference (<u>i.e.</u> at 9:00 a.m.).

Counsel for each side shall meet and confer in advance of each status conference and submit to the Court within four business days before each status conference the following:  (1) a report setting forth a summary of the activities of the parties since the last status conference; (2) a joint agenda listing matters to be considered by the Court at the status conference; and (3) a brief—one to two paragraph—summary of the party positions as to any disputed issues listed on the agenda.

22.    <u>Issues Known to the Court to be Addressed at the July 14, 2008, Status Conference.</u>  At the next status conference on July 14, 2008, the parties should be prepared to discuss with the Court the following items:

A.    Necessity of a plaintiffs' state liaison counsel

B.    Other duties of plaintiffs' lead counsel, plaintiffs' steering committee, plaintiffs' liaison counsel, and defendants' liaison counsel

C.    Additions or changes to website, including draft Introduction

D.    Protective Order

E.    Preservation Order

F.    Tolling Agreement

G.    Common Benefit Attorneys Fund

H.    Individual Fact Sheets

23.    <u>Scheduling of Motions.</u>  Status conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties.  Therefore, except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion shall be scheduled to coincide with calendared status conferences.  Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis shall be scheduled with notice of at least five business days.  If circumstances warrant, the Court may shorten a notice period.

24.    <u>Informal Motion Practice.</u>  Magistrate Judge Mayeron is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference.  However, before she will agree to proceed with this informal resolution mechanism, all parties to the dispute must agree in advance of the telephone

20

conference to use this resolution process because the very nature of the process requires that parties give up rights they would otherwise have (e.g. dispute is heard over the telephone; there is no recording of the telephone conversation; no briefs are filed). Therefore, if all parties to a dispute agree to use the informal resolution process to resolve the matter, then the parties may schedule a telephone conference with Magistrate Judge Mayeron.  In addition, in advance of the telephone conference, the parties may submit to Magistrate Judge Mayeron and the other parties to the dispute an informal letter brief, not to exceed three pages in length, setting forth their respective positions with respect to the dispute.  If there is no agreement to resolve the dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

25.    <u>Discovery</u>.  Until further order of this Court, all discovery is stayed.

26.    <u>Schedule</u>.

    A.    Plaintiffs' Master Complaints shall be filed and served on or before **July 3, 2008**.

    B.    Defendants' Master Answer or other responsive pleading, including a dispositive motion to dismiss based on preemption, shall be filed and  served on or before **August 4, 2008**.

    C.    Plaintiffs' responsive brief to any dispositive motions filed by defendants shall be filed and served on or before **September 18, 2008**.

    D.    Defendants' reply brief to any such motions shall be filed and served on or before **October 20, 2008**.

E.    A hearing on any such motions filed shall be held before Judge Richard H. Kyle at 9:00 a.m. on **November 4, 2008** in Judge Kyle's Courtroom at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated:        June 4, 2008

*s/ Richard H. Kyle*
RICHARD H. KYLE
United States District Judge

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

22

**MEMORANDUM re CM/ECF FILING**

**TO ALL COUNSEL in MEDTRONIC-FIDELIS MDL MATTERS**

---

**CM/ECF stands for Case Management, Electronic Case Files**

Before attempting electronic filing in these matters, please take time to read the U.S. District Court, District of Minnesota's Electronic Case Filing Civil ECF User's Manual and Civil ECF Procedures Guide posted on the U.S. District Court of Minnesota's website (http://**www.mnd.uscourts.gov/**). Once the website is accessed (http://**www.mnd.uscourts.gov/**), click on "**Electronic Case Filing**" on the left-hand side of the home page. Please review the User's Manual and Procedures Guide before filing a document. Please feel free to call the ECF helpdesk if you have questions (612-664-5155). Please make certain that the attorney filing the document(s) has seen and approved of the document(s) before undertaking filing as you are using the attorney's bar number, login and password to file.

**If you have case management questions, please all Judge Kyle's Calendar Clerk, Deb Siebrecht, at 651-848-1166.**

➲ **Obtaining an ECF Login Name and Password**
The Court's main website contains information on how to register for an ECF login and password. After accessing the website, click on "Registration form for e-filing-MDL attorneys" located in the Forms link on the left-hand side. To access the court's live ECF website, select Live ECF Link on the left-hand side of the Court's home page. Adding a second (or third) e-mail address may be done at the time of registration by listing the additional e-mail address(es) on the "additional e-mail" line on the original registration form. Under "Electronic Case Filing," there are directions as to how to add a secondary e-mail address if you are already registered.

➲ A separate PACER (Public Access to Court Electronic Records) login and password is necessary. It is likely that you, or your firm, already has a PACER account. If not, a PACER account can be established by contacting:

> PACER SERVICE CENTER
> P.O. Box 780549
> San Antonio, TX 78278
> (800) 676-6856
> http://pacer.psc.uscourts.gov/

➲ IMPORTANT NOTE: The court's ECF system gets bogged down with the many documents being uploaded, especially on Friday afternoons. It is suggested that you begin early (if you have many attachments you may want to begin by **11:30 a.m., Central Time**. If it is a simple filing without attachments, you can begin as late as 2:00 p.m., CT). If there are problems encountered, beginning early will help ensure that your filing will be timely. If you have technical problems, please contact the Court's Help Desk.*

Attachment A

➲ The Master Docket is set up with the following parties: Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Defendants' Lead Counsel and Defendants' Liaison Counsel. These parties will appear on the docket report. Defendants and plaintiffs from the other cases will be added as MDL-Notice Only party types. All parties can be queried by selecting the Party when using CM/ECF Query. When filing documents in the Master Docket, select the appropriate party. If the filer is a member of the Plaintiffs' Liaison Counsel, select Plaintiffs' Liaison Counsel, for example. If the filer is a plaintiff in one of the individual cases, select the appropriate party, but note that the party type in the Master Docket case will be MDL-Notice Only. In addition, all parties must file a Notice of Appearance in the Master Docket after their initial filing in an individual case. When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master Docket and the particular case(s).

> ➲ All documents filed in the USDC's CM/ECF must be in "PDF" format (.pdf). The most widely used program that can convert from Word and/or Word Perfect to .pdf, is Acrobat. If you do not know how to change a document from Word to .pdf and move it to your export file, ask your Help Desk for assistance or our website for assistance.

➲ Each filing/upload of documents **cannot** be larger that **2MB**. If a document or attachments exceed 2MB, divide it/them into appropriate amounts and use page numbers for each section and file as separate attachments. (E.g.: File Attachment A, part 1 of 3, pp. 1 – 50; then file as separate attachment, Attachment A, part 2 of 3, pp. 51- 100; and also file as separate attachment, Attachment A, part 3 of 3, pp. 101 – 149.) When you create your Word/WP document in preparation to file it and/or when you convert it to a .pdf, your computer can show the size of the document/PDF.

➲ After e-filing your document(s), if appropriate, e-mail the judge the proposed order(s) only. **Proposed orders must be converted to WordPerfect ("WP") or Word format prior to sending them to the judge**. DO NOT send other papers to the judge's e-mail address. Reference the case or cases in the subject line and body of the e-mail if it is only a few cases. If the proposed order refers to all cases, state so. If the filing relates to many, but not all cases, put a list of cases to which the proposed order applies in the text of the e-mail and the moving party(ies)'s name(s) for reference. The email address is kyle_chambers@mnd.uscourts.gov or mayeron_chambers@mnd.uscourts.gov.

➲ After you complete your filing and obtain your proof of filing page, please make certain you **logout** of the ECF system.

➲ Note: Do not be alarmed if you see "CASE CLOSED" on an e-mail docket distribution from the court. It is only an internal matter for the court and does not affect the current docket in that case.

*If you encounter problems, please call **Court's Help Desk line 1-866-325-4975**. If you reach a voice mailbox, leave a clear message including your name and telephone number. If you cannot complete your filing electronically, please see section L. Technical Failure in the Civil ECF Procedures Guide.

If you inadvertently file a document in the *wrong case,* please refer to Section L. Correcting Docket Entries on page 20 of the Court's Civil ECF Procedures manual. However, if your *document* is wrong but filed in the correct case, you will have to file an amended version of your document.

New complaints, summonses & civil cover sheets cannot be filed and served using CM/ECF at this time, but they can be e-mailed to the clerk for processing and posting to CM/ECF. The email address for new cases is newcases@mnd.uscourts.gov.

If a filer does not know whether another party is a registered ECF user, they can go onto CM/ECF, select "Utilities," then "Mailing Information for a Case" and enter the case number and the information will appear.

Filing deadline shall be 11:59 p.m. Central Time. If your document goes through after Midnight p.m., it will be considered filed on the following day.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**ELECTRONIC FILING REGISTRATION FORM FOR MDL ATTORNEYS**

This form is used by attorneys in MDL matters to register for an account on the

District of Minnesota Electronic Filing System (ECF). Registered attorneys will have privileges

to electronically submit documents and to receive electronic service of filings. By registering,

attorneys consent to receiving electronic notice of filings through ECF. Only attorneys may

register for an ECF account. The following information is required for registration:

**I.    PLEASE TYPE**

Mr./Mrs./MS. (circle one)

First Name: _____    Middle Name: _____

Last Name: _____If appropriate, circle one: Senior /Junior /II /III

Federal/State Court admission (what state): _____Bar ID Number: _____

Firm Name: _____

Firm Address: _____

       City:_____ State:_____ Zip Code: _____

Voice Telephone Number _____Fax Number:_____

Internet Mail Address: _____

MDL action -  indicate case number: _____

By submitting this registration form, the undersigned agrees to abide by all Court rules, orders
and polices and procedures governing the use of the electronic filing system. The undersigned
also consents to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b) and 77(d) through the
Court's electronic filing system. The combination of user ID and password will serve as the
signature of the attorney filing the documents. Attorneys must protect the security of their
passwords and immediately notify the court if they learn that their password has been
compromised.

_____    _____
**Signature of Attorney Registrant**                               **Date**

E-mail the completed form to: ecfhelpdesk@mnd.uscourts.gov with Subject line: Attention: ECF Registration - MDL

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:                                          Multidistrict Litigation
MEDTRONIC, INC.,                                No. 08-1905 (RHK/JSM)
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

                                                ORDER NO. 7
                                                First Amended Omnibus
                                                Management Order

THIS DOCUMENT RELATES
TO ALL CASES

      **Pursuant to the Stipulation of the Parties, Docket No. 131, IT IS ORDERED
that Subparagraph 13B of Order No. 4 (Pleadings and Other Documents), dated
June 4, 2008 [Docket No. 115] is vacated.  The provisions that the parties have
agreed to substitute for the requirements of said subparagraph are shown in bold
below.**

      The Judicial Panel on Multidistrict Litigation has transferred actions in the
above-captioned matter to this Court for coordinated and consolidated pretrial
proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving
Medtronic's Sprint Fidelis defibrillator leads.  Pursuant to this Court's jurisdiction over
these actions, this Court hereby enters the following order:

      1.      Consolidation of Related Actions.  Any other actions filed, whether filed
directly in the United States District Court for the District of Minnesota or in any other
United States District Court (whether by original filing or removal), that are related to this
litigation are hereby consolidated into one action (the "Consolidated Action") for all
pretrial purposes, pursuant to Fed. R. Civ. P. 42 and MDL Order dated February 21,
2008 under 28 U.S.C. § 1407(a).  This order does not constitute a determination that
these actions should be consolidated for trial, nor does it have the effect of making any

person or entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

2.    <u>Caption of Case</u>.  All Orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT<br>
DISTRICT OF MINNESOTA

In Re:                                          Multidistrict Litigation
MEDTRONIC, INC.,                                No. 08-1905 (RHK/JSM)
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
["ALL ACTIONS" or specify by title and case number the individual
applicable cases if the document relates to less
than all of the consolidated cases.]

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action.  The Clerk of Court shall maintain docket and case files under this caption, and pursuant to the procedures set forth in paragraph 3, below.

3.    <u>Docket and Filing Procedures</u>.

A.    <u>Master Docket and File</u>.  The Clerk shall maintain a master docket and a master case file under the style set forth in paragraph 2, above.  All Orders, pleadings, motions and other documents shall, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.  The master docket is set up with the following parties:  Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and Defendants' Liaison Counsel.  These parties shall appear in the docket report.  The plaintiffs and defendants from the other cases shall be

2

added as MDL - Notice Only party types, but shall not appear on the docket report.  *See* Attachment A (the procedural instructions and the MDL attorney registration form to obtain CM/ECF login and password).

B.   Separate Dockets and Files.  The Clerk shall maintain a separate docket for each case removed or transferred to this Court.  Each such case shall be assigned a new case number in this Court.

C.   Captions and Separate Filing.  Orders, pleadings, and other documents shall bear the caption set forth in paragraph 2 above.  If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file.  Orders, pleadings, and other documents intended to apply only to particular cases shall indicate in their caption the case number of the case(s) to which they apply and shall be filed and docketed in the master case file and specified individual case file(s).

D.   Address, Number of Copies, and Electronic Filing.  When filing pleadings and other documents relating to "ALL ACTIONS" with the Court, the parties shall comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the master file or, if electronic filing is not possible, a signed original shall be sent or delivered to the Clerk of Court, U.S. District Court, District of Minnesota, 316 North Robert Street, St. Paul, Minnesota 55101 for filing in the master file.  When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the master file and the particular case, or, if electronic filing is not possible, one signed

3

original shall be sent for the master file and an additional copy for each particular case file to which the matter related. For all dispositive motions, send two courtesy copies of the submissions to the Chambers of Judge Richard H. Kyle, U.S. District Court, Room 764, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at kyle_chambers@mnd.uscourts.gov. For all nondispositive motions, send two courtesy copies of the submissions to the Chambers of Magistrate Judge Janie S. Mayeron, U.S. District Court, Room 610, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at mayeron_chambers@mnd.uscourts.gov.[1]

E.   <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses shall not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F.   <u>Rules of Civil Procedure</u>. All actions listed in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well as any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for

---

[1]   Prior to September 9, 2008, any pleading or document hand-delivered to the Court, (<u>e.g.</u>, by messenger, Federal Express, UPS), including courtesy copies of pleadings or documents for the Judges, shall be delivered to the Clerk's office located in the temporary District Court at Suite 700, 180 East Fifth Street, St. Paul, Minnesota 55101.

the District of Minnesota, including Local Rules 72.1 ("Magistrate Judge

Duties") and 72.2 ("Review of Magistrate Judge Rulings").

4.    <u>Consolidation of Additional Actions</u>.    Any action subsequently filed or

transferred to this Court that arises out of the acts or transactions alleged in the

Consolidated Action shall be reassigned to this Court, and shall be consolidated

herewith if and when they are called to the Court's attention.

5.    <u>Applicability of Order</u>.  This Order applies automatically to all actions listed

in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well

as any other actions subsequently transferred to or filed in this proceeding, without the

necessity of future motions or orders.  Should parties in any subsequently transferred or

filed actions object to the terms of this Order, they must do so within 30 days of receipt

of this Order from Plaintiffs' Liaison Counsel.

6.    <u>Service List</u>.    This Order is being mailed to liaison counsel previously

appointed by this Court for the parties and referenced in paragraphs 10.D and 11 below.

Pursuant to paragraphs 10.D and 11, liaison counsel for each side shall forward a copy

of this Order to all other attorneys for their respective side.   Currently, this Court is

operating with the service list attached to Order No. 1 as Attachment B.  [Docket No.12].

An updated and corrected service list shall be prepared as the litigation progresses.

Liaison counsel for the parties shall be responsible for conferring with the Clerk of Court

to ensure that a master service list is established and kept current and which shall

include all parties and counsel that join this action.  Counsel are also directed to send

email addresses to the Court for notification purposes and service.

7.    <u>List of Affiliated Companies and Counsel</u>.    To assist the Court in

identifying any issues or matters of recusal or disqualification, and to the extent that

counsel did not comply with this directive in connection with Order No. 1 dated April 23, 2008 [Docket No. 12], counsel shall submit to the Court, no later than 15 days from the date of this Order, a list of all companies affiliated with the parties and all counsel associated in the litigation.

8.    <u>List of Related Cases</u>.  Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall confer among themselves and jointly file with the Court, no later than 30 days from the date of this Order, a list of all related cases pending in state and federal court and their current status, to the extent known.

9.    <u>Admission of Counsel</u>.    Attorneys admitted to practice and in good standing in any United States District Court are admitted as MDL attorneys in this litigation.  Association of local co-counsel is not required.  All counsel are expected to familiarize themselves with the Local Rules of this Court[2], the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation.

10.    <u>Organization and Responsibilities of Plaintiffs' Counsel</u>.  As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], to act on behalf of plaintiffs, the Court has designated the following counsel:

A.    <u>Plaintiffs' Lead Counsel</u>

Daniel E. Gustafson, Esq.
Gustafson Gluek PLLC
725 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

---

[2]    http://www.mnd.uscourts.gov/local_rules/local_rules.pdf

B.      <u>Responsibilities of the Plaintiffs' Lead Counsel</u>.  Plaintiffs' Lead Counsel
shall be a member of and direct the work of the Plaintiffs' Steering Committee.  In
this regard, Plaintiffs' Lead Counsel shall be responsible for coordinating the
activities of plaintiffs during pretrial proceedings and in consultation and with the
assistance of Plaintiff's Steering Committee, shall:

    i.      Determine (after consultation with other members of Plaintiffs'
Steering Committee and other co-counsel as may be appropriate)
and present (in briefs, oral argument, or such other fashion as may
be appropriate, personally or by a designee) to the Court and
opposing parties the position of the plaintiffs on all matters arising
during pretrial proceedings;

    ii.      Coordinate the initiation and conduct of discovery on behalf of
plaintiffs consistent with the requirements of the Federal Rules of
Civil Procedure relating to discovery or any other subsequent order
of this Court;

    iii.      Conduct settlement negotiations on behalf of plaintiffs, but not enter
binding agreements except to the extent expressly authorized;

    iv.      Delegate specific tasks to other counsel in a manner to ensure that
pretrial preparation for the plaintiffs is conducted effectively,
efficiently, and economically;

    v.      Enter into stipulations, with opposing counsel, necessary for the
conduct of the litigation;

    vi.      Prepare and distribute to the parties periodic status reports;

vii.    Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

viii.    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.    Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further Order of the Court; and

x.    Submit, if appropriate, additional committees and counsel for designation by the Court.

Any counsel for any plaintiff who disagrees with Plaintiffs' Lead Counsel (or those acting on behalf of Plaintiffs' Lead Counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Plaintiffs' Lead Counsel.

C.    <u>Plaintiffs' Steering Committee</u>.

Chair of Plaintiffs' Steering Committee
Charles S. Zimmerman, Esq.
Zimmerman Reed PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400

Richard J. Arsenault, Esq.
Neblett, Beard & Arsenault
2220 Bonaventure Court
P. O. Box 1190
Alexandria, LA 71309-1190
(800) 256-1050

C. Brooks Cutter, Esq.
Kershaw, Cutter & Ratinoff, LLP
980 Ninth Street
19th Floor
Sacramento, CA 95814
(916) 448-9800

Jim Doyle, Esq.
Williams, Kherkher, Hart & Boundas LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017
(713) 230-2200

R. Jackson Drake, Esq.
Whatley Drake & Kallas LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, AL 35202
(205) 328-9576

Nicholas J. Drakulich, Esq.
The Drakulich Firm
2727 Camino Del Rio South
Suite 322
San Diego, CA 92108
(858) 755-5887

Wendy R. Fleishman, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue
48th Floor
New York, NY 10017
(212) 355-9500

Michael K. Johnson, Esq.
Goldenberg & Johnson, PLLC
33 South Sixth Street
Suite 4530
Minneapolis, MN 55402
(612) 333-4662

Dianne M. Nast, Esq.
Roda Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

Tina B. Nieves, Esq.
Gancedo & Nieves LLP
418 North Fair Oaks Avenue
Suite 202
Pasadena, CA 91103
(626) 685-9800

Neil D. Overholtz, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 North Palafox Street
Pensacola, FL 32501
(850) 916-7450

Eric M. Quetglas-Jordan, Esq.
Quetglas Law Offices
P. O. Box 16606
San Juan, PR 00908
(787) 722-0635

Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive
Seventh Floor
Newport Beach, CA 92660
(949) 720-1288

Camilo K. Salas, III, Esq.
Salas & Co., L.C.
650 Poydras Street
Suite 1660
New Orleans, LA 70130
(504) 799-3080

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP
113 East 37th Street
New York, NY 10016
(212) 684-1880

Marcus L. Stevenson, Esq.
Sanford Stevenson Riff LLP
2016 Bissonnet Street
Houston, TX 77005
(800) 240-2460

Fred Thompson, III, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC 29464
(843) 216-9000

Teresa Toriseva, Esq.
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066

Leila H. Watson, Esq.
Corey, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
(205) 328-2200

The members of Plaintiffs' Steering Committee shall consult with Plaintiffs' Lead

Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

D.    Plaintiffs' Liaison Counsel

Robert K. Shelquist, Esq.
Lockridge Grindal Nauen PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900

Plaintiffs' Liaison Counsel shall:

i.    Maintain and distribute to all other plaintiffs' counsel and to

defendants' counsel an up-to-date service list;

ii.    On behalf of all counsel for all plaintiffs, receive from defendants,

the Court, and third parties, and as appropriate, distribute to all

other plaintiffs' counsel the following: written and electronic

communications from the Court, defendants and third parties;

11

pleadings; Orders from the Court; and discovery and documents from defendants and third parties.

iii.    At the appropriate time[3], maintain and make available to all other plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party, and establish and maintain an electronically accessible document depository.

11.    <u>Defendants' Liaison Counsel</u>.  As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], the Court has designed the following counsel to act as Defendants' Liaison Counsel:

> George W. Soule, Esq.
> Jennifer K. Huelskoetter, Esq.
> Melissa R. Stull, Esq.
> Bowman & Brooke LLP
> 150 South Fifth Street
> Suite 3000
> Minneapolis, MN 55402
> (612) 339-8682

Defendants' Liaison Counsel shall

A.    Maintain and distribute to Plaintiffs' Liaison Counsel and to defendants' co-counsel an up-to-date service list;

B.    On behalf of all counsel for all defendants, receive from plaintiffs, the Court and third parties, and as appropriate, distribute to all other defendants' counsel the following: written and electronic communications from the Court, plaintiffs and third parties; pleadings; Orders from the Court; and discovery and documents from plaintiffs and third parties.

---

[3]    Pursuant to paragraph 25 of this Order, pending further order of this Court, discovery has been stayed.

12.    <u>Privileges Preserved</u>.   No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.    <u>Service of Documents</u>.

A.    <u>Orders</u>.   A copy of each Order shall be provided to Plaintiffs' Liaison Counsel, and to Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.   To clarify the meaning of this paragraph, service through CM/ECF only goes to those who have filed a case and are in ECF.   In cases that will be, but have not yet been transferred to this District, the new plaintiffs are not in the system.   ECF can only notice those that are in the system at the time the document was filed.   It therefore remains the responsibility of the liaison counsel for both plaintiffs and defendants to effect service of all Orders on all parties. While the Court can assist counsel with counsel's service list, at least in the beginning of this litigation, that list may contain parties and attorneys that are not yet in our system.

B.    **<u>Pleadings and Other Documents</u>.    Plaintiffs' Lead Counsel and Liaison Counsel and Defendants' Liaison Counsel and National Counsel, as specified below, shall be provided with one copy of each pleading or other document served and/or filed by a party, including any and all attachments.**

**Service of all documents herein required to be served by the Federal Rules of Civil Procedure, the Local Rules for the District of Minnesota, and any orders of this Court, shall be accomplished by**

13

transmittal of such documents via electronic mail on counsel for each party as described below.

The parties need not provide a non-electronic copy of each document when service is accomplished by electronic mail. Upon request by a party, the serving party shall provide a non-electronic copy of a document otherwise served by electronic mail.

Plaintiffs' counsel may serve Complaints on defendants by transmitting such Complaints via electronic mail to defendants' counsel at the e-mail addresses specified below.

For Plaintiffs' Counsel:

> Daniel E. Gustafson
> dgustafson@gustafsongluek.com
> Gustafson Gluek PLLC
> 650 Northstar East
> 608 Second Avenue South
> Minneapolis, MN 55402
> Tel: (612) 333-8844
> Fax: (612) 339-6622

> Robert K. Shelquist
> rkshelquist@locklaw.com
> Lockridge Grindal Nauen PLLP
> 100 Washington Avenue South
> Suite 2200
> Minneapolis, MN 55401
> Tel: (612) 339-6900
> Fax: (612) 339-0981

For Defendants' Counsel:

> George W. Soule
> george.soule@msp.bowmanandbrooke.com
> Melissa R. Stull
> melissa.stull@msp.bowmanandbrooke.com
> Bowman and Brooke LLP
> 150 South Fifth Street, Suite 3000
> Minneapolis, MN 55402
> (612) 339-8682

Daniel L. Ring
DRing@mayerbrown.com
William Asher
washer@mayerbrown.com
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel:  (312) 701-8520
Fax:  (312) 701-7711

**Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Lead Counsel and Liaison Counsel and Defendants' Liaison Counsel and National Counsel constitutes service on other attorneys and parties for whom such counsel is acting, and such service shall be deemed effective seven days after service on such counsel.**

14.    <u>Official Court Website</u>.   The Court has created and shall maintain a website devoted solely to the Medtronic Sprint Fidelis Leads Products Liability Litigation, found at http://www.mnd.uscourts.gov.   Through the website, parties may access, as may be established, such items as Court Orders, Court Minutes, Court Calendar, Contacts, the Master Service List, Frequently Asked Questions, and Court Transcripts. Plaintiffs' Lead Counsel and counsel for defendants shall confer with the Court regarding the content of the website.

15.    <u>Transcript Payment</u>.  The official transcript of all hearings shall be posted on the Medtronic Sprint Fidelis Leads Litigation website.   The cost of an expedited official transcript shall be borne by the plaintiffs and defendants equally.  Payment is to be made within 14 days of receipt of the court reporter's invoice.

16.    <u>Pleadings</u>.  Deadlines for answers or responses to the Complaints filed in all individual actions are hereby suspended until further Order of this Court.

17.    <u>Master Pleadings, Motions, and Orders</u>.

A.    <u>Master Complaint</u>.  It shall be the responsibility of Plaintiffs' Steering Committee to file (1) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in individual cases, and (2) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in third-party payor cases.  The master complaints shall not constitute the inception of a new "case or controversy" in this District and shall not supersede or render moot each pending separate action that had been transferred to this District for pretrial proceedings by the MDL Panel.  Rather, said master complaints shall be used as a device to facilitate administration of the dockets and to assist in identifying issues common to all of the cases centralized before this Court.  The allegations of the master complaints are not deemed automatically included in any particular case.  However, in order to avoid possible problems with statutes of limitations or doctrines of repose, the following shall apply:  For cases now pending in this Court (or as of the date a case is filed in, removed to, or transferred to this Court), it is deemed that a motion to amend is filed in each such case to add any potentially applicable claims and theories from the master complaints not contained in the complaint actually filed in that case, except to the extent a plaintiff hereinafter files an amended complaint disavowing such claims and theories or limits its claims and theories to those contained in an amended complaint.

B.   <u>Master Answers</u>.  Defendants' counsel shall file master answers that shall incorporate defendants' defenses in law or fact to claims made against them in the various actions that are presently pending in this litigation. The answers shall not attempt to provide a cross-reference to particular paragraphs or counts of the various complaints. The master answers shall, however, cross-reference to particular paragraphs or counts in plaintiffs' master complaints. The master answers shall in a "generic" manner admit or deny (including denials based on lack of information and belief) the allegations typically included in claims made against it as well as make such additional allegations as are appropriate to its defenses. When so filed in MDL 08-1905, the master answers constitute an answer in each constituent case now pending or when hereafter filed in, removed to, or transferred to this Court, except to the extent the defendants later file a separate answer in an individual case.

C.   <u>Refinement of Pleadings</u>.  It is anticipated that an amended, more specific complaint and answer may be required before a case is scheduled for trial or remanded to a transferor court, but amendments of pleadings prior to that time should generally be avoided.

D.   <u>Motions; Orders</u>.  A motion, brief, or response that has a potential effect on multiple parties (<u>e.g.</u>, the anticipated motion of defendants to dismiss based on preemption) shall be deemed made in all similar cases on behalf of, and against, all parties similarly situated except to the extent such other parties timely disavow such a position.  Additional motions, briefs, or responses addressed to such issues should not be filed or submitted by

17

other parties except to the extent needed because of inadequacy of the original papers, to present unique facts, or because of a difference in positions. Orders resolving such motions shall likewise be deemed as made with respect to all parties similarly situated unless the order indicates otherwise.

E.   <u>Meet and Confer Prior to Nondispositive Motions</u>.   To avoid unnecessary litigation concerning nondispositive motions, including motions relating to discovery disputes, counsel are directed to meet and confer before filing a motion.  In any motion filed, counsel for the moving party must certify that a good-faith effort was made to resolve the dispute.

18.   <u>Preservation of Evidence</u>.   Currently, preservation of evidence and documents is governed by Order Nos. 1 and 2.  [Docket Nos. 12, 53].  It is the Court's intention to enter a more complete order concerning preservation of evidence and documents.  Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon preservation order on or before 4:30 p.m. on June 18, 2008.  To the extent that the parties are unable to agree on the language of the preservation order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same. Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than 4:30 p.m. on June 18, 2008.  By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be

adopted and the opposing parties' proposed language should be rejected. Unless Magistrate Judge Mayeron determines that a hearing on the contents of the preservation order is necessary, this matter shall be decided based on the written submissions of the parties.

19.    Protective Order.  It is the Court's intention to enter a protective order. Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon protective order on or before 4:30 p.m. on June 18, 2008.  To the extent that the parties are unable to agree on the language of the protective order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same.  Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than 4:30 p.m. on June 18, 2008.  By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.  Unless Magistrate Judge Mayeron determines that a hearing on the contents of the protective order is necessary, this matter shall be decided based on the written submissions of the parties.

20.    Introduction for Website.  It is the Court's intention to include an Introduction of this litigation on the Court Website.  Therefore, for the purpose of developing the language to be included in the Introduction, the parties are directed to confer and prepare a brief written summary indicating their joint understanding of the

facts involved in the litigation and the important factual legal issues.  This agreed-upon summary shall be filed with the Court on or before 4:30 p.m. on June 18, 2008.  In the event the parties cannot agree on this summary, they shall file with the Court a redline version of a summary containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same.   Said redlined Introduction setting forth the parties' competing proposals shall be filed with the Court no later than 4:30 p.m. on June 18, 2008.  By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.

21.    <u>Status Conferences</u>.  The Court shall convene status conferences in its discretion.    The next two status conferences are scheduled for July 14, 2008 at 10:00 a.m., and August 27, 2008 at 10:00 a.m.  These two status conferences shall take place in Courtroom 1 on the 7th Floor of the temporary United States Courthouse, 180 East Fifth Street, St. Paul, Minnesota.   Thereafter, beginning in September, 2008, unless otherwise ordered by this Court, status conferences shall be held on the fourth Wednesday of each month at 10:00 a.m.   The location for these status conferences shall be in the Courtroom of Judge Richard H. Kyle at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with Plaintiffs' Lead Counsel, the Chair of Plaintiffs' Steering Committee and counsel for defendants one hour before each status conference (<u>i.e.</u> at 9:00 a.m.).

Counsel for each side shall meet and confer in advance of each status conference and submit to the Court within four business days before each status conference the following:  (1) a report setting forth a summary of the activities of the parties since the last status conference; (2) a joint agenda listing matters to be considered by the Court at the status conference; and (3) a brief—one to two paragraph—summary of the party positions as to any disputed issues listed on the agenda.

22.    <u>Issues Known to the Court to be Addressed at the July 14, 2008, Status Conference.</u>  At the next status conference on July 14, 2008, the parties should be prepared to discuss with the Court the following items:

A.    Necessity of a plaintiffs' state liaison counsel

B.    Other duties of plaintiffs' lead counsel, plaintiffs' steering committee, plaintiffs' liaison counsel, and defendants' liaison counsel

C.    Additions or changes to website, including draft Introduction

D.    Protective Order

E.    Preservation Order

F.    Tolling Agreement

G.    Common Benefit Attorneys Fund

H.    Individual Fact Sheets

23.    <u>Scheduling of Motions.</u>  Status conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties.  Therefore, except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion shall be scheduled to coincide with calendared status conferences.  Any hearing or oral argument deemed necessary by

the Court on motions that require a ruling on an expedited basis shall be scheduled with notice of at least five business days.  If circumstances warrant, the Court may shorten a notice period.

24.    <u>Informal Motion Practice.</u>  Magistrate Judge Mayeron is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference.  However, before she will agree to proceed with this informal resolution mechanism, all parties to the dispute must agree in advance of the telephone conference to use this resolution process because the very nature of the process requires that parties give up rights they would otherwise have (<u>e.g.</u> dispute is heard over the telephone; there is no recording of the telephone conversation; no briefs are filed).  Therefore, if all parties to a dispute agree to use the informal resolution process to resolve the matter, then the parties may schedule a telephone conference with Magistrate Judge Mayeron.  In addition, in advance of the telephone conference, the parties may submit to Magistrate Judge Mayeron and the other parties to the dispute an informal letter brief, not to exceed three pages in length, setting forth their respective positions with respect to the dispute.  If there is no agreement to resolve the dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

25.    <u>Discovery</u>.  Until further order of this Court, all discovery is stayed.

26.    <u>Schedule</u>.

A.    Plaintiffs' Master Complaints shall be filed and served on or before July 3, 2008.

B.    Defendants' Master Answer or other responsive pleading, including a dispositive motion to dismiss based on preemption, shall be filed and served on or before August 4, 2008.

C.    Plaintiffs' responsive brief to any dispositive motions filed by defendants shall be filed and served on or before September 18, 2008.

D.    Defendants' reply brief to any such motions shall be filed and served on or before October 20, 2008.

E.    A hearing on any such motions filed shall be held before Judge Richard H. Kyle at 9:00 a.m. on November 4, 2008 in Judge Kyle's Courtroom at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated:    July 7, 2008

s/ Janie S. Mayeron
JANIE S. MAYERON
United States Magistrate Judge

23

### MEMORANDUM re CM/ECF FILING

## TO ALL COUNSEL in MEDTRONIC-FIDELIS MDL MATTERS
---
**CM/ECF stands for Case Management, Electronic Case Files**

Before attempting electronic filing in these matters, please take time to read the U.S. District Court, District of Minnesota's Electronic Case Filing Civil ECF User's Manual and Civil ECF Procedures Guide posted on the U.S. District Court of Minnesota's website (http://www.mnd.uscourts.gov/). Once the website is accessed (http://www.mnd.uscourts.gov/), click on "**Electronic Case Filing**" on the left-hand side of the home page. Please review the User's Manual and Procedures Guide before filing a document. Please feel free to call the ECF helpdesk if you have questions (612-664-5155). Please make certain that the attorney filing the document(s) has seen and approved of the document(s) before undertaking filing as you are using the attorney's bar number, login and password to file.

**If you have case management questions, please all Judge Kyle's Calendar Clerk, Deb Siebrecht, at 651-848-1166.**

➲  **Obtaining an ECF Login Name and Password**
The Court's main website contains information on how to register for an ECF login and password. After accessing the website, click on "Registration form for e-filing-MDL attorneys" located in the Forms link on the left-hand side. To access the court's live ECF website, select Live ECF Link on the left-hand side of the Court's home page. Adding a second (or third) e-mail address may be done at the time of registration by listing the additional e-mail address(es) on the "additional e-mail" line on the original registration form. Under "Electronic Case Filing," there are directions as to how to add a secondary e-mail address if you are already registered.

➲  A separate PACER (Public Access to Court Electronic Records) login and password is necessary. It is likely that you, or your firm, already has a PACER account. If not, a PACER account can be established by contacting:

> PACER SERVICE CENTER
> P.O. Box 780549
> San Antonio, TX 78278
> (800) 676-6856
> http://pacer.psc.uscourts.gov/

➲  IMPORTANT NOTE: The court's ECF system gets bogged down with the many documents being uploaded, especially on Friday afternoons. It is suggested that you begin early (if you have many attachments you may want to begin by **11:30 a.m., Central Time**. If it is a simple filing without attachments, you can begin as late as 2:00 p.m., CT). If there are problems encountered, beginning early will help ensure that your filing will be timely. If you have technical problems, please contact the Court's Help Desk.*

Attachment A

⮑ The Master Docket is set up with the following parties: Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Defendants' Lead Counsel and Defendants' Liaison Counsel. These parties will appear on the docket report. Defendants and plaintiffs from the other cases will be added as MDL-Notice Only party types. All parties can be queried by selecting the Party when using CM/ECF Query. When filing documents in the Master Docket, select the appropriate party. If the filer is a member of the Plaintiffs' Liaison Counsel, select Plaintiffs' Liaison Counsel, for example. If the filer is a plaintiff in one of the individual cases, select the appropriate party, but note that the party type in the Master Docket case will be MDL-Notice Only. In addition, all parties must file a Notice of Appearance in the Master Docket after their initial filing in an individual case. When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master Docket and the particular case(s).

⮑    All documents filed in the USDC's CM/ECF must be in "PDF" format (.pdf). The most widely used program that can convert from Word and/or Word Perfect to .pdf, is Acrobat. If you do not know how to change a document from Word to .pdf and move it to your export file, ask your Help Desk for assistance or our website for assistance.

⮑ Each filing/upload of documents **cannot** be larger that **2MB**. If a document or attachments exceed 2MB, divide it/them into appropriate amounts and use page numbers for each section and file as separate attachments. (E.g.: File Attachment A, part 1 of 3, pp. 1 – 50; then file as separate attachment, Attachment A, part 2 of 3, pp. 51- 100; and also file as separate attachment, Attachment A, part 3 of 3, pp. 101 – 149.) When you create your Word/WP document in preparation to file it and/or when you convert it to a .pdf, your computer can show the size of the document/PDF.

⮑ After e-filing your document(s), if appropriate, e-mail the judge the proposed order(s) only. **Proposed orders must be converted to WordPerfect ("WP") or Word format prior to sending them to the judge**. DO NOT send other papers to the judge's e-mail address. Reference the case or cases in the subject line and body of the e-mail if it is only a few cases. If the proposed order refers to all cases, state so. If the filing relates to many, but not all cases, put a list of cases to which the proposed order applies in the text of the e-mail and the moving party(ies)'s name(s) for reference. The email address is kyle_chambers@mnd.uscourts.gov or mayeron_chambers@mnd.uscourts.gov.

⮑ After you complete your filing and obtain your proof of filing page, please make certain you **logout** of the ECF system.

⮑ Note: Do not be alarmed if you see "CASE CLOSED" on an e-mail docket distribution from the court. It is only an internal matter for the court and does not affect the current docket in that case.

\*If you encounter problems, please call **Court's Help Desk line 1-866-325-4975**. If you reach a voice mailbox, leave a clear message including your name and telephone number. If you cannot complete your filing electronically, please see section L. Technical Failure in the Civil ECF Procedures Guide.

If you inadvertently file a document in the *wrong case,* please refer to Section L. Correcting Docket Entries on page 20 of the Court's Civil ECF Procedures manual. However, if your *document* is wrong but filed in the correct case, you will have to file an amended version of your document.

New complaints, summonses & civil cover sheets <u>cannot</u> be filed and served using CM/ECF at this time, but they can be e-mailed to the clerk for processing and posting to CM/ECF. The email address for new cases is newcases@mnd.uscourts.gov.

If a filer does not know whether another party is a registered ECF user, they can go onto CM/ECF, select "Utilities," then "Mailing Information for a Case" and enter the case number and the information will appear.

Filing deadline shall be 11:59 p.m. Central Time. If your document goes through after Midnight p.m., it will be considered filed on the following day.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## ELECTRONIC FILING REGISTRATION FORM FOR MDL ATTORNEYS

This form is used by attorneys in MDL matters to register for an account on the

District of Minnesota Electronic Filing System (ECF).  Registered attorneys will have privileges

to electronically submit documents and to receive electronic service of filings.  By registering,

attorneys consent to receiving electronic notice of filings through ECF.  Only attorneys may

register for an ECF account.  The following information is required for registration:

**I.      PLEASE TYPE**

Mr./Mrs./MS. (circle one)

First Name: _____  Middle Name: _____

Last Name: _____  If appropriate, circle one: Senior /Junior /II /III

Federal/State Court admission (what state): _____Bar ID Number: _____

Firm Name: _____

Firm Address: _____

      City:_____  State:_____  Zip Code: _____

Voice Telephone Number _____Fax Number:_____

Internet Mail Address: _____

MDL action -  indicate case number: _____

By submitting this registration form, the undersigned agrees to abide by all Court rules, orders
and polices and procedures governing the use of the electronic filing system.  The undersigned
also consents to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b) and 77(d) through the
Court's electronic filing system.  The combination of  user ID and password will serve as the
signature of the attorney filing the documents.  Attorneys must protect the security of their
passwords and immediately notify the court if they learn that their password has been
compromised.

_____          _____
**Signature of Attorney Registrant**                                            **Date**

E-mail the completed form to: ecfhelpdesk@mnd.uscourts.gov with Subject line: Attention: ECF Registration - MDL